UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO.

ANTHONY WILSON, on behalf of himself
and others similarly situated,

   Plaintiff,

vs.

STEVE'S PAINTING INC., a
Florida Profit Corporation, and
STEVEN BLAIR, Individually,

   Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY WILSON("Plaintiff") on behalf of himself and other current and former employees similarly situated, by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against Defendants, STEVE'S PAINTING INC. and STEVEN BLAIR, individually, (collectively, "Defendants") unpaid overtime compensation and hereby states as follows:

### INTRODUCTION

1. Plaintiff worked as a non-exempt hourly paid painter/laborer for Defendants throughout the southwest coast of Florida.

2. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated employees of Defendants, who performed similar duties to, and who were paid in the same illegal manner as Plaintiff.

3. Defendants have a policy and practice of failing to: (1) accurately record the hours worked by non-exempt hourly paid painters/laborers by not accounting for compensable meal and rest breaks as hours worked; and (2) failing to pay non-exempt hourly paid painters/laborers like Plaintiff full and proper overtime compensation for all overtime hours worked.

4. This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime compensation owed to Plaintiff and other similarly situated employees.

5. Plaintiff will seek conditional certification and notice to an opt-in class of all non-exempt hourly paid painter/laborer pursuant to the FLSA, 29 U.S.C. § 216(b), who were employed by Defendant during the three-year period preceding the filing of this action (hereinafter, "Relevant Liability Period").

## JURISDICTION AND VENUE

6. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.

7. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.    Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants provide services in this district and is thus considered a resident of this district. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

## PARTIES

9.    From on or about approximately June 2014 continuing through January 2021, Defendants hired Plaintiff to work as a non-exempt hourly paid painter/laborer.

10.    At all limes material hereto, Plaintiff was, and continues to be a resident of Lee County, Florida.

11.    During the Relevant Liability Period, Plaintiff was a covered employee within the meaning of the FLSA.

12.    During the Relevant Liability Period, Defendant failed to pay Plaintiff for all overtime hours worked and denied Plaintiff overtime compensation for hours worked in excess of forty (40) per week.

13.    Plaintiff filed his Consent to Become Party Plaintiff in this action. *See* attached as *Exhibit A.*

14.    Defendants are a covered employer within the meaning of the FLSA, and during the Relevant Liability Period, Defendants' employed Plaintiff and other piece rate paid granite installation laborers.

15. During the Relevant Liability Period, Defendants employed two or more persons, including Plaintiff, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

16. During the Relevant Liability Period, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

17. At all times material hereto Defendant, STEVE'S PAINTING INC., is a Florida Profit Corporation with a principle place of business located at 1011 SW 1st Place, Cape Coral, FL 33991 and was engaged in business in Lee County, Florida.

18. At all times relevant to this action, Defendant, STEVEN BLAIR, was an individual resident believed to be residing in Lee County, Florida.

19. At all times relevant to this action, Defendant, STEVEN BLAIR, managed and operated STEVE'S PAINTING INC.

20. At all times relevant to this action, STEVEN BLAIR regularly exercised the authority to hire and fire employees of STEVE'S PAINTING INC.

21. At all times relevant to this action, STEVEN BLAIR determined the work schedules for the employees of STEVE'S PAINTING INC.

22. At all times relevant to this action, STEVEN BLAIR controlled the finances and operations STEVE'S PAINTING INC.

23. At all times relevant to this action, STEVEN BLAIR was an employer as defined by 29 U.S.C. 201 et. seq.

24. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

25. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

26. Defendants were and continue to be "employers" within the meaning of FLSA.

27. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

28. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

29. Based upon information and belief, the annual gross revenue of Defendants are/were in excess of $500,000.00 per annum during the relevant time periods.

30. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including but not limited to: paint and painting supplies, equipment, vehicles, and ordering and receiving goods that are moving or will move in interstate commerce.

31. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

32. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

33. The additional persons who may become plaintiffs in this action are/were non- exempt hourly paid employees of Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for all their hours worked in excess of forty (40) hours in one or more workweeks.

34. At all times material hereto, the work performed by the Plaintiff all other similarly situated employees are/was directly essential to the business performed by Defendants.

## FACTUAL ALLEGATIONS

35. Defendants operate a large-scale commercial and residential painting, and pressure cleaning company in Cape Coral, Florida.

36. During the relevant limitations period, Defendants employed numerous non-exempt hourly paid painters/laborers like Plaintiff.

37. Defendants' non-exempt hourly paid painters/laborers are the backbone of the company, providing Defendants' services to the public.

38. Defendants have employed Plaintiff and similarly situated employees as non-exempt hourly paid painters/laborers or in equivalent positions with similar job duties, however titled.

39. Defendants have and continue to fail to pay Plaintiff and the putative class proper overtime compensation, as it fails to accurately record their actual hours worked, let alone offer proper additional payment for hours worked over forty (40) per week.

40. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

41. From at least May 2018 and continuing through January 2021, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

42. Defendants' policy of wrongfully denying Plaintiff, and the putative class' hours of overtime work is companywide.

43. Defendants know, and have known, that Plaintiff and all similarly employees perform work without compensation and has chosen to deny them overtime compensation for performing this work in willful disregard of their rights under the FLSA.

44. Defendants have violated Title 29 U.S.C. §206 and 207 from at least May 2018 and continuing through the present in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b.    No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c.    Defendants have failed to maintain proper time records as mandated by the FLSA.

45. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its Services.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff re-alleges and incorporates by reference the preceding paragraphs through 45.

47. Plaintiff brings Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following:

> All persons employed by Defendants as non-exempt hourly paid painters/laborers at any time during the past three years (plus any applicable tolling) who were not paid full and proper overtime compensation for all overtime hours worked.

48. Plaintiff reserves the right to amend said class definition consistent with information obtained through discovery.

49. The class is so numerous that joinder of all members is impracticable. There are numerous non-exempt hourly paid painters/laborers employed by Defendants in Florida at any one time.

50. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

51. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' policies and practices of failing to pay full and proper overtime compensation to non-exempt hourly paid painters/laborers.

52. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE FLSA RELEVANT LIABILITY PERIOD

53. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 45 with respect to all non-exempt hourly paid painters/laborers.

54. During the FLSA Relevant Liability Period, Defendants failed to accurately record all hours worked by all non-exempt hourly paid painters/laborers and did not fully compensate non-exempt hourly paid painters/laborers for all of their hours worked for Defendants in excess of forty (40) per week as required by Section 207 of the FLSA.

55. Non-exempt hourly paid painters/laborers were victims of a common and illegal policy and plan by Defendants to deny them overtime compensation required by the FLSA.

56. Defendants' failure to pay non-exempt hourly paid painters/laborers in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

57. Plaintiff, on behalf of himself and other non-exempt hourly paid painters/laborers seek unpaid overtime compensation in an amount to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of all non-exempt hourly paid painters/laborers demands judgment against Defendants and prays this Court:

a. Issue notice to all non-exempt hourly paid painters/laborers who were employed by Defendants at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

b. Declare Defendants' policy of failing to keep accurate time records and not paying non-exempt hourly paid painters/laborers full and proper overtime pay illegal under the FLSA;

      c.      Find that Defendants' violation of the FLSA was willful and impose a three- year statute of limitations period for FLSA claims;

      d.      Award Plaintiff and all other non-exempt hourly paid painters/laborers unpaid overtime compensation;

      e.      Award Plaintiff and all other non-exempt hourly paid painters/laborers an amount equal to unpaid overtime compensation as liquidated damages under 29 U.S.C. § 216(b);

      f.      Award Plaintiff and all non-exempt hourly paid painters/laborers pre-judgment interest if liquidated damages are not awarded;

      g.      Award Plaintiff and all non-exempt hourly paid painters/laborers post-judgment interest as provided by law;

      h.      Award Plaintiff and all non-exempt hourly paid painters/laborers reasonable attorneys' fees and costs as mandated by Section 216(b) of the FLSA; and

      i.      Award Plaintiff and all non-exempt hourly paid painters/laborers such other relief as the Court deems fair and equitable.

## **JURY DEMAND**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 5th day of May, 2021.

                                      Respectfully submitted,

/s/ **_NOAH E. STORCH_**
Noah E. Storch, Esquire
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email:
noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO.

ANTHONY WILSON, on behalf of himself
and others similarly situated,

    Plaintiff,

vs.

STEVE'S PAINTING INC., a
Florida Profit Corporation, and
STEVEN BLAIR, Individually,

    Defendants.
_____/

## CONSENT TO BECOME PARTY PLAINTIFF

    I, ANTHONY WILSON, consent to become the party plaintiff in the above-styled Lawsuit.

Dated this  03  day of May 2021.

Signature: _Anthony wilson_

Print:    Anthony wilson