UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY WILSON, on behalf of
himself and others similarly situated,

    Plaintiff,

v.                                   Case No.:  2:21-cv-362-JLB-MRM

STEVE'S PAINTING INC. and
STEVEN BLAIR,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte*.  Upon review of the docket and for the reasons herein, the Undersigned recommends that the Collective Action Complaint and Demand for Jury Trial ("Complaint") (Doc. 1) be **DISMISSED without prejudice**.

## BACKGROUND

A brief procedural history of this case is instructive.  On May 5, 2021, Plaintiff filed a one-count Complaint, alleging that Defendants violated the Fair Labor Standards Act.  (Doc. 1).  On May 27, 2021, Defendants filed an Answer and Affirmative Defenses, denying Plaintiff's allegations and asserting three affirmative defenses.  (Doc. 12).

On August 30, 2021, Plaintiff's former counsel, Mr. Noah E. Storch and Mr. Alexander Harne, sought to withdraw as the attorneys of record for Plaintiff.  (Doc.

22). That same day, the Court granted the motion, permitted Mr. Storch and Mr. Harne to withdraw, and directed Plaintiff to either (1) retain new counsel and have counsel file a notice of appearance in this case or (2) file an appropriate notice with the Court stating that he intends to proceed *pro se* no later than September 13, 2021. (Doc. 23 at 3). Additionally, because Plaintiff's Answers to the Court's Interrogatories were due on August 30, 2021, the Court *sua sponte* extended the deadline for Plaintiff to file his Answers to the Court's Interrogatories to September 13, 2021. (*Id.* at 2). The Court ordered Plaintiff to file his Answers to the Court's Interrogatories no later than September 13, 2021. (*Id.* at 3). The Court warned Plaintiff that "[a]ny failure to comply with this Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate." (*Id.* at 3 (emphasis omitted)). A copy of the Order was mailed to Plaintiff at his service address. (*See id.*).

When Plaintiff failed to comply with the August 30, 2021 Order, the Court entered an Order to show cause on September 14, 2021, requiring Plaintiff to show good cause as to why this action should not be dismissed for failure to comply with the Court's August 30, 2021 Order. (Doc. 24). The Court ordered Plaintiff to respond to the Order and either (1) retain new counsel and have counsel file a notice of appearance in this case or (2) file an appropriate notice with the Court stating that he intends to proceed *pro se* no later than September 28, 2021. (*Id.* at 2). Additionally, the Court ordered Plaintiff to file his Answers to the Court's Interrogatories no later than September 28, 2021. (*Id.* at 2). The Court warned that

2

"[f]ailure to respond to or otherwise comply with this Order may result in the Undersigned recommending to the presiding United States District Judge that the action be dismissed." (*Id.* at 3 (emphasis omitted)). A copy of the Order was mailed to Plaintiff at his service address. (*See id.*).

Plaintiff failed to comply with the Court's September 14, 2021 Order to show cause.

## LEGAL STANDARD

The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1] The Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id*. (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit observed that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id*. (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State Univ.*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)). The Court further held that "[a] finding of such extreme circumstances

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id*. (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357). Nevertheless, if the Court dismisses the action without prejudice, the standard is less stringent "because the plaintiff would be able to file [the] suit again." *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) (alteration in original) (quoting *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976)).

A dismissal without prejudice, however, amounts to a dismissal with prejudice if the statute of limitation bars the plaintiff from refiling the complaint. *See Perry v. Zinn Petroleum Cos., LLC*, 495 F. App'x 981, 984 (11th Cir. 2012) (citing *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981); *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir.1976)).

Additionally, Local Rule 3.10 states that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."

## ANALYSIS

While dismissal for failure to prosecute is a harsh sanction, the Undersigned can only conclude that Plaintiff's failure here to comply timely with the Court's Orders and to heed the Court's instructions is willful. *See McKelvey*, 789 F.2d at 1520. Specifically, when the Court permitted Plaintiff's counsel to withdraw, the Court ordered Plaintiff to either (1) retain new counsel and have counsel file a notice

4

of appearance in this case or (2) file an appropriate notice with the Court stating that he intends to proceed *pro se*, which is without the benefit of counsel no later than September 13, 2021. (Doc. 23 at 3). Additionally, the Court ordered Plaintiff to file his Answers to the Court's Interrogatories no later than September 13, 2021. (*Id.*). The Court warned Plaintiff that "[a]ny failure to comply with this Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate." (*Id.* (emphasis omitted)). A copy of the Order was mailed to Plaintiff at his service address. (*See id.*).

Plaintiff, however, failed to comply with the Order despite the Court's warning. Accordingly, the Court ordered Plaintiff to show good cause as to why this action should not be dismissed for Plaintiff's failure to comply with the August 30, 2021 Order. (Doc. 24 at 1-3). The Court warned that "[f]ailure to respond to or otherwise comply with this Order may result in the Undersigned recommending to the presiding United States District Judge that the action be dismissed." (*Id.* at 3 (emphasis omitted)). A copy of the Order was again mailed to Plaintiff at his service address. (*See id.*). Again, Plaintiff failed to comply with or otherwise respond to that Order despite the Court's explicit warning.

Because the Undersigned cannot find Plaintiff's failure to comply with the Court's Orders – especially in light of the Court's express warnings, including that "[f]ailure to respond to or otherwise comply with [the show cause] Order may result in the Undersigned recommending to the presiding United States District Judge that

5

the action be dismissed," (Doc. 24 at 3; *see also* Doc. 23 at 3) – is anything but willful, dismissal is warranted.

Additionally, by failing to respond whatsoever to the Order to show cause, Plaintiff has also failed to demonstrate due diligence and just cause for his delay as required by Local Rule 3.10.  *See* M.D. Fla. R. 3.10.  Thus, dismissal is appropriate.  *See id.*

The Undersigned notes, however, that the statute of limitations may have lapsed as to some or all of Plaintiff's claims.  (*See* Doc. 1).  Thus, a dismissal without prejudice would effectively amount to a dismissal with prejudice as to those claims. *See Perry*, 495 F. App'x at 984 (citations omitted).  Notwithstanding the risk that certain claims may be barred by the statute of limitations, the Undersigned finds dismissal appropriate in light of the above finding that Plaintiff's failure to comply with the Court's Orders was willful.  *See McKelvey*, 789 F.2d at 1520.  Nevertheless, the Undersigned recommends the less drastic sanction of dismissing the Complaint without prejudice, allowing Plaintiff to refile the action as to any claim not barred by the statute of limitations.

Alternatively, if – in light of the risk that some claims may be barred by the statute of limitations or in light of the collective action included in the Complaint – the presiding United States District Judge finds that justice would best be served by giving Plaintiff a final opportunity to comply with the Court Orders before dismissing the action, the Undersigned recommends that the District Judge

6

recommit this matter to the Undersigned for issuance of a further show cause order and further proceedings, as needed.

## CONCLUSION

For the reasons set forth above, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Collective Action Complaint and Demand for Jury Trial (Doc. 1) be **DISMISSED without prejudice** for failure to comply with the Court's Orders and failure to prosecute.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on September 30, 2021.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C).  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to

respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection. The parties are warned that the Court will not extend these deadlines. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties