UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY WILSON, on behalf of himself
and others similarly situated,

      Plaintiff,

v.                                          Case No. 2:21-cv-362-JLB-MRM

STEVE'S PAINTING INC., and STEVEN
BLAIR,

      Defendants.
_____

# ORDER

The Magistrate Judge filed a Report and Recommendation ("R&R") in this matter on September 30, 2021, recommending that pro se Plaintiff Anthony Wilson's complaint be dismissed without prejudice for failure to comply with this Court's orders. (Doc. 25 at 7.) Alternatively, the Magistrate Judge recommends that the Court recommit this matter for issuance of a further show-cause order, considering that a dismissal may time-bar some of Mr. Wilson's claims under the relevant statutes of limitations. (Id. at 6.) Mr. Wilson has not objected.

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. Legal conclusions are reviewed

de novo even without an objection.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

Federal Rule of Civil Procedure 41(b) states that if a plaintiff "fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  "A district court may sua sponte dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket."  Johnson v. DuBose, 806 F. App'x 927, 928 (11th Cir. 2020) (citing Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)).  "[W]here the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice."  Boazman v. Econ. Lab'y, Inc., 537 F.2d 210, 213 (5th Cir. 1976) (citing Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972)).

Mr. Wilson alleges that "[f]rom at least May 2018 and continuing through January 2021," Defendants failed to pay him for overtime hours under the Fair Labor Standards Act ("FLSA").  (Doc. 1 at 7, ¶ 41.)  He further alleges that Defendants' failure was willful.  (Id. at 10, ¶ 56.)  Claims for unpaid overtime under the FLSA are subject to a three-year statute of limitations if they are "willful" and a two-year statute of limitations if they are not.  29 U.S.C. § 255(a).  At this stage, the Court is not able determine whether Defendants willfully violated the FLSA.  Accordingly, the Court will assume—as the Magistrate Judge did—that recovery of at least some of Mr. Wilson's wages may be time-barred.  Therefore, a dismissal of

Mr. Wilson's complaint without prejudice could effectively be a dismissal with prejudice as to some of the FLSA violations that he alleges.

"[A] dismissal with prejudice, whether on motion or <u>sua sponte</u>, is an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" <u>Betty K Agencies, Ltd.</u>, 432 F.3d at 1337–38 (quoting <u>World Thrust v. Intern. Family Entertainment</u>, 41 F.3d 1454, 1456 (11th Cir. 1995)). "Contumacious conduct warranting dismissal for failure to prosecute includes such activities as 'protracted foot-dragging,' 'defiance of court orders,' 'ignoring warnings,' and 'wasteful expenditure of the court's time.'" <u>Hudson v. Cardwell Corp.</u>, No. CIV.A. 04-0821-WS-M, 2006 WL 2135791, at *2 (S.D. Ala. July 27, 2006) (collecting cases).

Mr. Wilson's dilatory conduct arguably began when his attorneys requested multiple extensions of time to respond to the Court's interrogatories, as they were directed to do in the Court's FLSA fast-track scheduling order. (Doc. 13 at 2; Docs. 14–19.) On August 30, 2021, the final day of Mr. Wilson's most recent extension, his attorneys moved to withdraw from the case because Mr. Wilson was "unreachable and unresponsive." (Doc. 20 at 1.) The Magistrate Judge initially denied the motion without prejudice for failing to comply with the Court's Local Rules, but Mr. Wilson's attorneys eventually filed a proper motion and were permitted to withdraw. (Docs. 21–23.) Mr. Wilson was directed to either retain new counsel or file a notice that he intended to proceed <u>pro se</u> no later than September 13,

3

2021. (Doc. 23.) By that same date, he was directed to respond to the Court's interrogatories. (Id.) The day after the deadline expired, the Magistrate Judge directed Mr. Wilson to show cause why the case should not be dismissed. (Doc. 24.) Again, Mr. Wilson took no action. The Magistrate Judge then entered the R&R, to which Mr. Wilson did not object. (Doc. 25.)

The Court agrees that Mr. Wilson's conduct merits a dismissal for failure to prosecute. He has neglected to communicate with his prior attorneys in this case and respond to multiple orders of this Court. Mr. Wilson could have shown some interest in this case by objecting to the R&R, but he failed to do so. Thus, the Court agrees with the R&R and orders that this case be dismissed without prejudice.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 25) is **ADOPTED.**

2. This case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. The Clerk is **DIRECTED** to terminate all pending deadlines and close this case.

**ORDERED** in Fort Myers, Florida on November 2, 2021.

*JOHN L. BADALAMENTI*
**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE

4